UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL URIAS, | No. 2:16-cv-0853 AC P |
| Plaintiff, | |
| v. | ORDER and |
| D. KING, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner incarcerated at High Desert State Prison (HDSP),[1] challenging conditions of his prior confinement at California State Prison Sacramento (CSP-SAC). Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, plaintiff is granted leave to proceed in forma pauperis but the undersigned recommends that this action be dismissed without leave to amend.

---

[1] Plaintiff was incarcerated at HDSP when he commenced this action and, according to the Inmate Locator website operated by CDCR, remains incarcerated at HDSP as of the date of this order. See http://www.bop.gov/inmateloc/. This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) (courts may take judicial notice of agency records that are not subject to reasonable dispute).

1

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 2, will be granted.

As a result, plaintiff must, over time, pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## III. Screening of Plaintiff's Complaint

### A. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

Plaintiff alleges that on February 4, 2015, while he was incarcerated at CSP-SAC, defendant Correctional Officer D. King "wrongfully and unjustly took my radio and AC adapter . . . and then lied about it and said she never took anything." ECF No. 1 at 3. Plaintiff filed an inmate appeal. Defendant Correctional Sergeant J. Kiel reviewed the appeal on the First Level. Kiel allegedly refused to interview plaintiff's witness, then "completely whitewashed" King's alleged misconduct, demonstrating an alleged conspiracy against plaintiff. Id. at 4. Defendant Correctional Lieutenant R. Heise reviewed plaintiff's appeal at the Second Level. Heise allegedly "lied and covered by for C/O D. King" and "completely whitewashed J. Kiel's report on the First Level." Id. at 5. Heise also refused to interview plaintiff's witness. Further, Heise allegedly "got the [defendant] Property Officer R. Uhde to lie and say he took my radio from me on 1-8-2014

3

because I had a cell phone hid in it. Which is a lie, because [that] radio . . . was not mine and . . . had no cell phone hid in it." Id. Plaintiff contends that this conduct demonstrated a conspiracy among the four defendants and deprived plaintiff of his Fifth Amendment due process rights. Plaintiff seeks exemplary and punitive damages and "a new Panasonic AM/FM CD Player Boom Box Radio." Id. at 6.

### C. Analysis

Because plaintiff is a state prisoner, his due process rights arise not from the Fifth Amendment but from the Fourteenth Amendment's Due Process Clause, which prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S Const. amend. XIV, § 1. State prisoners have a protected liberty interest in their personal property, subject to due process protections. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Once a protected interest in property is found, as in the instant case, the court must decide as a matter of law what process is due under the Fourteenth Amendment. Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1984).

Plaintiff's allegations that defendant King took his radio and AC adapter, then lied by saying she didn't take these items, reflect an alleged intentional taking of plaintiff's property, without official authorization; that is, that King allegedly stole plaintiff's property. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does *not* constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (emphasis added). The rationale for this rule "is that when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." Id. "[I]ntentional acts are even more difficult to anticipate [than negligent acts] because one bent on intentionally depriving a person of his property might well take affirmative steps to avoid signalling his intent." Id.

California law provides adequate post-deprivation remedies for the unauthorized taking of a prisoner's personal property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994) (per

curiam) (citing Cal. Govt. Code §§ 810-95, the California Government Claims Act). Therefore, plaintiff cannot state a cognizable Section 1983 claim premised on defendant King's alleged taking of plaintiff's radio and AC adapter. Hudson, 468 U.S. at 533.

Absent a cognizable threshold claim demonstrating a violation of plaintiff's constitutional rights, plaintiff is unable to state a cognizable conspiracy claim based thereon. A conspiracy claim made pursuant to Section 1983 requires allegations of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (citation and internal quotation marks omitted), as well as an "actual deprivation of constitutional rights resulting from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (citation and internal quotation marks omitted). Plaintiff's conspiracy claims against the named defendants do not meet these requirements.

Moreover, the complaint fails to state a cognizable claim against defendants Kiel or Heise based on their allegation failure to process and resolve plaintiff's inmate appeal in a favorable manner. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process prisoner's grievances not actionable under Section 1983); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prisoners have no stand-alone due process rights related to the administrative grievance process); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (there is no liberty interest entitling prisoners to a specific grievance process).

For these several reasons, the undersigned finds that the complaint fails to state a cognizable federal claim against any of the defendants under Section 1983.

IV. Dismissal Without Leave to Amend

The court is persuaded that plaintiff is unable to allege any facts, based on the circumstances he challenges, that would state a cognizable federal civil rights claim. As a result, amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, the undersigned will recommend the dismissal of this case without leave to amend.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be summarily dismissed, without leave to amend, for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE